```
              UNITED STATES DISTRICT COURT
                DISTRICT OF NORTH DAKOTA
                   NORTHEASTERN DIVISION
```

Juan Garcia, Jr.,              )
                               )
          Plaintiff,           )
                               )
     v.                        )     Case No. 2:05-cv-50
                               )
Wayne Schull, Russell Kraft,   )
Linda Wagner, and Gary Gardner,)
                               )
          Defendants.          )

### Order

Before the Court is the Defendants' Statement of Controverted Costs (doc. # 63) and Local Rule 54.1 Certification (doc. #62), seeking taxation of costs against Juan Garcia, Jr. The Defendants seek $570.25 in costs. Garcia opposes the motion, arguing he is indigent. The Court previously granted summary judgment in favor of the Defendants (doc. #60). Because the Court finds costs are not warranted, the Defendants' motion for costs is **DENIED**.

Rule 54(d)(1), Fed. R. Civ. P., allows the prevailing party to collect its costs: "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs; . . ." Title 28 U.S.C. § 1920 enumerates the types of costs the prevailing party may collect. "The decision to award costs to a prevailing party is committed to the discretion of the District Court." Arthur Young & Co. v. Reeves, 937 F.2d 1310, 1339 (8th Cir. 1991).

The Defendants correctly argue that costs may be taxed against someone who proceeds <u>in forma pauperis</u> ("IFP").  <u>See</u> 28 U.S.C. § 1915(f)(2) (providing for costs against litigants proceeding IFP).  However, the Court may consider a litigant's indigence when assessing costs.  <u>Lampkins v. Thompson</u>, 337 F.3d 1009, 1017 (8th Cir. 2003).  A district court must also consider whether taxing costs against a party would be inequitable.  <u>Marmo v. Tyson Fresh Meats, Inc.</u>, 457 F.3d 748, 764 (8th Cir. 2006); <u>Smith v. Se. Penn. Transp. Auth.</u>, 47 F.3d 97, 99 (8th Cir. 1995).

This case was a legitimate claim, albeit a losing one, by an indigent defendant.  The Defendants argue Garcia has not established that he is indigent.  However, he brought this case IFP, and his counsel took the case <u>pro bono</u>.  The Court finds this record is sufficient to find that Garcia is indigent.  Taxing costs in this case would be inequitable to Garcia because it would act as a penalty for accessing the courts and protecting his legal rights.  The Defendants are likely represented by either a municipal government or a municipal risk fund, so each individual defendant will not bear any costs.  Therefore the Court concludes, guided by principals of fairness and public policy, the equitable result is for the parties to bear their own costs.  The Defendants' motion for costs is **DENIED**.

**IT IS SO ORDERED**, dated this 10th day of April, 2007.



RODNEY S. WEBB, District Judge
United States District Court